In re STEINWENDER'S ESTATE.

TITLE GUARANTEE & TRUST CO. et al. v. TRAVIS, State Comptroller.

(Supreme Court, Appellate Division, First Department.　May 5, 1916.)

TAXATION ⬤⟹900(5)—TRANSFER TAX—APPEAL FROM SURROGATE—STATUTE.

Under Tax Law (Consol. Laws, c. 60) §§ 230, 231, providing for pro forma approval by surrogate of report of appraiser of transfer tax, and section 232, providing for appeal to the surrogate from such approval, an appeal from the surrogates' final decision runs to the appellate division.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. ⬤⟹900(5).]

Appeal from Order of Surrogate, New York County.

In the matter of the transfer tax upon the estate of Julius Steinwender, deceased. From an order of the surrogate of New York county, dismissing an appeal by the Title Guarantee & Trust Company and another, as executors of the estate of Julius Steinwender, deceased, from an order of said surrogate which modified an order of Surrogate Fowler making certain assessments by Eugene M. Travis, Comptroller of the State of New York, for an inheritance tax, they appeal. Affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

Harold Swain, of New York City, for appellants.
Schuyler C. Carlton, of New York City, for respondent.

SMITH, J. Under section 230 of the Tax Law an appraiser is appointed to appraise the taxes payable to the state upon the death of a resident of the state. By section 231 it is provided that upon the presentation of the report of the appraiser, the surrogate shall forthwith, as of course, determine the cash value of all estates and the amount of tax to which the same are liable. This seems to be the act of the surrogate acting as an assessor upon advice given to him by the appraiser. The entry is made as of course, without notice or hearing. By section 232 it is provided that from this determination any party may appeal to the same surrogate who has made the prior order. That appeal is heard upon notice, and is a judicial determination of the amount of tax payable under the law.

In the case at bar, the appraiser made his report, which report was adopted as of course by Surrogate Fowler. From the determination of Surrogate Fowler acting as an assessing officer an appeal was taken under section 232 to the surrogate, and came on to be heard before Surrogate Cohalan. Upon this appeal the determination was modified, and certain remainders which originally had not been taxed were added to the property taxable under the law. After the order had been entered upon this judicial determination by the surrogate, this appellant appealed again to the surrogate, and the order dismissing this appeal the appellant seeks here to review.

It is clear that the only appeal authorized to the surrogate is an appeal from the order of the surrogate acting as an assessing officer. After such an appeal upon which he has made his judicial determina-

tion there is no further appeal provided for to the surrogate. If either party is dissatisfied with the determination of the surrogate upon that appeal, his only remedy is to appeal to the Appellate Division. The claim of the appellant here, however, is that upon that appeal to the surrogate certain property was added to the list of property taxable, and in adding that property he was simply acting as an assessing officer, so that an appeal to the surrogate himself under section 232 would be required from that part of the order. This clearly cannot be so. It is not possible that the review by a surrogate is partly judicial and partly ministerial. The review is upon notice to all parties interested, so that the determination is in all respects a judicial determination, and it was clearly not in the contemplation of the Legislature that an appeal to the surrogate should be had from a judicial determination made by himself.

The order of the surrogate dismissing the appeal should therefore be affirmed, with $10 costs and disbursements. Order filed. All concur.